UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
DURHAM DIVISION

IN THE MATTER OF: )  Case No: B-1082084 C-13D
**GERARD PERSON,** )
 )
      Debtor(s) )
_____)

OBJECTION BY STANDING TRUSTEE TO CONFIRMATION OF PLAN

NOW COMES Richard M. Hutson, II, Standing Trustee ("Trustee") and respectfully objects to confirmation of the Debtor's plan pursuant to 11 U.S.C. §1325(b) and shows unto the Court the following:

1. The Debtor filed a petition under Title 11 of the United States Code, Chapter 13, on November 11, 2010, in the United States Bankruptcy Court for the Middle District of North Carolina.

2. On November 11, 2010, Richard M. Hutson, II, was appointed as Trustee.

3. This Court has proper and personal jurisdiction of the subject matter hereof and over the parties pursuant to 28 U.S.C. §§151, 157 and 1334, and the Standing Order entered by the United States District Court for the Middle District of North Carolina and this is a core proceeding within 28 U.S.C. §157(b).

4. The plan filed by the Debtor proposes monthly payments of $1,314.00 for a period of 60 months. No return to general unsecured creditors is proposed.

5. The Debtor has filed with the petition a Statement of Current Monthly Income and Calculation of Commitment Period and Disposable Income, known as Official Form B22C ("Form B22C"). The Debtor lists current monthly income ("CMI") in Form B22C of approximately $4,745.47.

6. The applicable commitment period in this case is sixty months. 11 U.S.C. §1325(b)(4).

7. The Trustee objects to confirmation of the Debtor's plan in that the Debtor is not devoting all of his projected disposable income to fund the plan pursuant to 11 U.S.C. §1325(b). The Debtor owns two unencumbered automobiles, a 1992 Toyota and a 1993 Ford. On lines 28 and 29 of Form B22C, the Debtor takes a vehicle ownership expense for both vehicles in the amount of $496.00 each. On January 11, 2011, the United States Supreme Court, in <u>Ransom v. FIA Card</u>

<u>Services</u>, 2011 WL 66438, held that, when determining disposable income in a Chapter 13 case, a debtor may not claim a vehicle ownership deduction unless the debtor makes loan or lease payments on the vehicle. The Debtor in this case has claimed a total of $992.00 in vehicle ownership deductions that are not permissible in light of the Court's decision in <u>Ransom</u>. When these deductions are removed from Form B22C, the Debtor is left with approximately $257.78 of disposable monthly income that must be devoted to general unsecured creditors.

WHEREFORE, the Trustee prays the Court for an Order as follows:

1. That the Debtor's plan not be confirmed in that the plan does not comply with the provisions of the Bankruptcy Code, specifically 11 U.S.C. §1325(b), and the case be dismissed for cause pursuant to 11 U.S.C. §1307;

2. Alternatively, that the Debtor's plan be modified to provide for payment of up to $15,466.00 to general unsecured claims; or

3. For such other and further relief as the Court may deem just or proper.

This the 21st day of January, 2011.

                                       s/Benjamin E. Lovell
                                       Benjamin E. Lovell
                                       Attorney for the Trustee
                                       State Bar No: 23266
                                       P.O. Box 3613
                                       Durham, N.C. 27702
                                       Telephone: (919) 688-8065

CERTIFICATE OF SERVICE

      This is to certify that I have this day served a copy of the foregoing document upon John T. Orcutt, Esq., 6616-203 Six Forks Rd., Raleigh, NC 27615, Gerard Person, 5400 Hadrian Dr., Durham, NC 27703, and Michael D. West, Esq., U.S. Bankruptcy Administrator, PO Box 1828, Greensboro, NC 27402 by depositing a copy of same in the United States Mail, postage prepaid, and in the manner prescribed by Rule 5 of the Federal Rules of Civil Procedure.

      This 21st day of January 2011.

                                                               s/Benjamin E. Lovell
                                                             Benjamin E. Lovell, Esq.
                                                             Attorney for the Standing Trustee